IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE RESPER, | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-15-1253 |
| WAYNE WEBB, et al., | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by CCMS II Michael Yates, CO II David C. Robey, Richard Graham, Jr., Warden, and Wayne Webb, Executive Director. ECF 25. Plaintiff has not responded.[1] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be granted.

Background

The case was instituted upon receipt of a civil rights Complaint filed by Plaintiff Wayne Resper, a state inmate confined at the Western Correctional Institution ("WCI"). ECF 1. Plaintiff's Complaint, dated April 15, 2015, and received for filing on April 22, 2015, alleged that Defendants violated his constitutional rights by interfering with his legal papers, reading his legal papers outside of his presence, and destroying his papers. *Id.*

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 19, 2015, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 26. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.* Plaintiff sought and was granted an extension of time, to and including February 26, 2016, to file any opposition. ECF 27 & 28. He has filed nothing further.

Plaintiff claims that Robey confiscated his legal and personal papers "under the guise of 'bringing Plaintiff into compliance' with the 1.5 cubic feet of paperwork allowed to be maintained in Plaintiff's possession." ECF 1, p. 3.  Plaintiff states he was told that property personnel would call him to the property room to conduct an inventory, determine the status of his active cases, and provide him with the allowable 1.5. cubic feet of paper work. *Id*. Plaintiff states that when he met with property personnel, he was advised that his paperwork was being held pending case management review of his active cases and he was denied access to his papers.  Plaintiff states that as a result of this conduct he was denied access to the courts and due process of law. *Id*.

Plaintiff filed an amended complaint on June 1, 2015, adding Defendant Yates. ECF 9.  Plaintiff alleges Yates improperly read and destroyed Plaintiff's paperwork. *Id*., pp. 1-2.

Plaintiff sought declaratory relief and an injunction ordering Defendants to cease denying him access to his paperwork.  ECF 1, p. 5.  The undersigned previously denied Plaintiff's request for a preliminary and permanent injunction.  ECF 10.

Defendants offer that the Department of Public Safety and Correctional Services (DPSCS) has promulgated Division of Correction Directive (DCD) 220-004 governing inmate personal property. ECF 25-2. The "rules contribute to the management of inmate personal property in the institution, and to [the creation of] a safe environment for staff and inmates by reducing fire hazards, security risks, and sanitation problems that relate to inmate personal property." *Id*., p. 1, § III.  Inmates are allowed to maintain books and papers not to exceed 1.5 cubic feet. *Id*. p. 20, Appendix 1.

On March 25, 2015, Robey conducted a search of Plaintiff's property because Plaintiff maintained property in his cell in excess of the allowed limit as permitted under DCD 220-004. ECF 25-3, ¶ 2.  Robey confiscated six boxes of paperwork. ECF 25-3, ¶ 2, ECF 25-4, pp. 8, 21.

Plaintiff was permitted to go through the paperwork before it was removed so that he could keep any documents pertaining to pending court cases, up to the allowable limit of 1.5 cubic feet. ECF 25-3, ¶ 2. After Plaintiff selected the materials he wished to keep, the remaining paperwork was sent to the property room to be stored. *Id*., ¶ 3.

On May 1, 2015, Plaintiff requested to review the twelve boxes of his stored papers. ECF 25-4, p. 1, ¶¶ 2-3. Given the volume of material, Yates requested Plaintiff cull through his papers so that any unneeded papers could be discarded. A small number of duplicate papers and newspapers were confiscated. ECF 25-4, p. 1, ¶¶ 2-3; p. 22. Yates avers he never viewed Plaintiff's property out of Plaintiff's presence and that beyond the newspapers and duplicate materials confiscated on May 1, 2015, he has not confiscated any of Plaintiff's materials. ECF 25-4, p. 1, ¶ 4.

Plaintiff filed Administrative Remedy Procedure (ARP) WCI-0525-15 on March 28, 2015, complaining that on March 25, 2015, Robey confiscated all of his legal and personal property, boxed it out of his presence, and refused to allow Plaintiff to copy and mail certain documents. ECF 25-4, p. 16. Plaintiff indicated that on March 27, 2015, he was called to the property room and advised that his property was there but he could not access it until he made arrangements with the housing unit lieutenant regarding an assessment of the papers. *Id*., p. 17. Plaintiff complained that the confiscation interfered with his access to courts and agencies and sought immediate access to his paperwork. The ARP was procedurally dismissed, pending resubmission as staff determined that additional information was required in order to investigate Plaintiff's concerns. *Id*., p. 16.

Plaintiff resubmitted ARP WCI-0525-15 on April 9, 2015, attaching the requested information. *Id*., p. 3. He indicated that he had been advised that he would be called to the

3

property room and provided 1.5 cubic feet of date sensitive paperwork. He complained that he was not provided with the material or access to it. *Id*. The Warden dismissed ARP WCI 0525-15 on April 14, 2015, after investigation, indicating that Plaintiff had been provided an opportunity to go through current case material and he was allowed to maintain 1.5 cubic feet of paperwork in his cell. *Id*., p. 4. Plaintiff was directed to submit a written request to his Case Manager for access to his paperwork in order to exchange documents to stay within the 1.5 cubic feet limit. The dismissal also reminded Plaintiff had previously been advised of this procedure. *Id*.

Plaintiff appealed ARP WCI 0525-15 to the Commissioner of Corrections. *Id*., pp. 11-12. Plaintiff alleged that he was not allowed to select or sort his paperwork because it was removed and boxed in his absence. *Id*. On June 5, 2015, the appeal was denied on the basis that the warden had fully addressed the complaint and that Plaintiff failed to substantiate his claims. *Id*., p. 13.

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a); *See Ross v. Blake*, _ U.S._, 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Ross,* 136 S. Ct. At 1857, J*ones v. Bock,* 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining"[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones,* 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Jones,* 549 U.S. at 211–12, 216; *Moore,* 517 F.3d at 725**.**

In *Ross v. Blake,* 136 S. Ct. 1850 (2016), the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when, (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to

provide any relief to aggrieved inmates." *Id.* at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md. Regs. ("COMAR") 12.07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR 12.07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Code Ann., Corr. Servs. §§ 10-206, 10-210; COMAR 12.07.01.03 and 12.07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO"). *See* Md. Code Ann., Corr. Servs. § 10-207; COMAR 12.07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. § 10-207(b)(1); *see* COMAR 12.07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Code Ann., Corr. Servs. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Code Ann., Corr. Servs § 10-208; COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. Md. Code Ann., Corr. Servs § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Code Ann., Corr. Servs. § 10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Code Ann., Corr. Servs. § 10-210. But, an inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court."); *but see* Md. Code Ann., Cts. & Jud. Proc. Art. § 5-1003(a)(3) ("Judicial review following administrative consideration shall be the exclusive judicial remedy for any grievance or complaint within the scope of the administrative process.").

Thus, Plaintiff's claims must be dismissed if Defendants raise the affirmative defense and also prove that Plaintiff has failed to exhaust available remedies. *See Jones*, 549 U.S. at 216 – 17 (failure to exhaust is an affirmative defense and inmates are not required to demonstrate exhaustion in their complaints). Plaintiff does not refute the evidence which shows that he did not fully exhaust the issues raised herein through the administrative process before instituting the instant Complaint. As such, this Court must dismiss his lawsuit against the Defendants with prejudice as it is barred by the PLRA.

**Conclusion**

Defendants' dispositive motion will be granted. A separate Order follows.


Date:  August 8, 2016                              _____/s/_____
                                                                    PETER J. MESSITTE
                                                            UNITED STATES DISTRICT JUDGE